MEMORANDUM **
Jessica Garcia petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming her removal order. Garcia argues that the government did not meet its burden of proving that she is an alien. See Murphy v. INS, 54 F.3d 605, 608 (9th Cir.1995). We grant the petition and remand. Because the parties are familiar with the record, we recount the facts only as necessary to explain our decision.
I
In removal proceedings, the United States must first prove alienage by “clear and convincing evidence” before the burden shifts to the alleged noncitizen to prove citizenship or lawful entry by a preponderance of the evidence. Murphy, 54 F.3d at 608-09. Setting out a “prima facie case of alienage based on circumstantial evidence” does not shift the burden of persuasion; it “merely requires the opponent to go forward” with rebuttal evidence. Id. at 609.
*469 To prove Garcia’s foreign birth, the government relied entirely on Garcia’s past statements. The government submitted evidence that Garcia told an ICE officer that she was born in Mexico. It also presented various official documents in which Garcia indicated she was born in Mexico.[1] In response, Garcia, whose mother died when she was a small child and whose father is unknown, testified that while she had held herself out as a Mexican citizen on these occasions, she did not know whether she was born in the United States or in Mexico. According to Garcia, when asked to state her place of birth, she “will pick a city [to be from] since I don’t know ... where ... I was born.”
Neither the Immigration Judge (“IJ”) nor the BIA made any findings about the credibility of this testimony purporting to contradict the government’s evidence of foreign birth. See Kalubi v. Ashcroft, 364 F.3d 1134, 1140—41 (9th Cir.2004) (“[T]he BIA must explain what factors it has considered or relied upon sufficiently that we are able to discern that it ‘has heard, considered, and decided.’ ”). Instead, the IJ treated the government’s evidence “as a practical matter the only evidence we have” and shifted the burden to Garcia to prove that she was born in the United States. The Board affirmed the IJ’s decision.
II
At the outset of our analysis, we note what this case is about and what it is not about. The narrow issue before us is whether the government proved that Garcia was born in Mexico. The government’s sole evidence of foreign birth is the alleged alien’s prior statements, even though the alien has testified that she had no basis for making those statements and the IJ failed to determine the credibility of this testimony. This case is not about whether a person who the government has proven to be an alien may, “simply by proclaiming T don’t know where I was born,’ ... stay in the country.” (Dissent at 470).
The government’s case consists of Garcia’s past statements that she was born in Mexico, but Garcia testified that she does not have knowledge of where she was born. Accordingly, “whether there is clear, unequivocal and convincing evidence that [Garcia] is an alien resolves itself into a determination of whether [Garcia’s] testimony ... is worthy of belief.” Matter of Lugo-Guadiana, 12 I. & N. Dec. 726, 729 (BIA 1968). When “alienage is charged ... and the Government has introduced ... evidence in support of the charge and the opposing side has introduced evidence intended to rebut the Government’s case[,] there must be an evaluation ... of all the evidence and a finding made with regard to its credibility before the test for burden of proof ... comes into play.” Id. at 730 (emphasis added).
As such, the BIA/IJ erred by shifting the burden to Garcia without first determining whether the testimony she presented credibly contradicted the government’s prima facie evidence of foreign birth. See Murphy, 54 F.3d at 610 (explaining that prima facie evidence is “evidence which, if unexplained or uncontradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence.”). We therefore grant Garcia’s petition and remand for the BIA to determine, after weighing the evidence, whether the government has met its burden.
Ill
Petition GRANTED and REMANDED. The government’s motion for leave to file *470 the tendered corrected brief is also GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The government also presented an undisputedly fraudulent Mexican birth certificate, which Garcia used to attend school and access other public programs.